UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Billy Lee Lisenby, Jr., # 200273, | ) C/A No. 5:13-2106-DCN-KDW |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) (partial summary dismissal) |
| C. Kelly Jackson, Solicitor; | ) |
| William R. Byars, Jr., Director; and | ) |
| Warden Padula, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Billy Lee Lisenby, Jr. ("Plaintiff") is currently incarcerated at Lee Correctional Institution ("LCI"), part of the South Carolina Department of Corrections ("SCDC") prison system. In his Complaint, Plaintiff alleges that two Defendants, Byars and Padula, have been indifferent to his safety as an inmate. Plaintiff complains that Defendants Byars (Director of SCDC) and Padula (LCI Warden) have not moved him into protective custody despite their knowledge that Plaintiff is in danger because he protected two corrections officers during an uprising of inmates at LCI. *See* Compl., ECF No. 1. Plaintiff alleges that both Defendants know that now he is being threatened and

targeted by members of gangs who wanted to harm the officers. *Id*. He also alleges that he was subjected to unreasonable force and/or indifference to inmate safety when one of the officers he was trying to protect sprayed him and others in the area with chemical munitions during the uprising. ECF No. 1-1 at 2. According to Plaintiff, since the time of the incident, he is being moved around within the SCDC prison system because of the threats against him, but Defendants Warden and Director refuse or have failed to provide him with any real security, such as single-inmate housing in SMU. *Id*. at 4.

Plaintiff also sues Kelly Jackson, the Solicitor for the Third Judicial Circuit (Sumter, Lee, Williamsburg, and Clarendon Counties) in an attempt to force him to file a "substantial assistance motion" pursuant to S.C. Code Ann. § 17-25-65 his criminal case, in which the Solicitor seeks to have Plaintiff's sentence reduced because of his efforts to protect the corrections officers during the riot at LCI. Plaintiff asks the court to order Solicitor Jackson to file the motion; he seeks declaratory and injunctive relief as far as Defendants Byars and Padula are concerned.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys,

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to one Defendant under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff alleges that both he and his family have tried to get Defendant Jackson to file a motion for reduction of Plaintiff's criminal sentence as the result of Plaintiff's assistance to the officers during the uprising. He asserts that Defendant Jackson's failure to do so violates his "due process" and "14th amendment" rights. ECF No. 1-1 at 4. The South Carolina statute concerning such motions provides as follows:

(A) Upon the state's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided:

(1) substantial assistance in investigating or prosecuting another person; or

(2) aid to a Department of Corrections employee or volunteer who was in danger of being seriously injured or killed.

(B) Upon the state's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(1) information not known to the defendant until one year or more after sentencing;

3

> (2) information provided by the defendant to the State within one year of sentencing, but which did not become useful to the State until more than one year after sentencing;
>
> (3) information, the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing, and which was promptly provided to the State after its usefulness was reasonably apparent to the defendant; or
>
> (4) aid to a Department of Corrections employee or volunteer who was in danger of being seriously injured or killed.
>
> (C) A motion made pursuant to this provision shall be filed by that circuit solicitor in the county where the defendant's case arose. The State shall send a copy to the chief judge of the circuit within five days of filing. The chief judge or a circuit court judge currently assigned to that county shall have jurisdiction to hear and resolve the motion. Jurisdiction to resolve the motion is not limited to the original sentencing judge.

S.C. Code Ann. § 17-25-65. Review of the statutory language does not disclose that the filing of such a motion is mandatory. Instead, it appears that and the decision of whether to file such a motion is discretionary with the Solicitor.

To the extent that Plaintiff asks the court to direct Defendant Jackson to file such a discretionary motion, he seeks an order in the nature of mandamus to a state official, which this court cannot issue under applicable law. *See Black's Law Dictionary* (9th ed. 2009) (mandamus: "A writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usually to correct a prior action or failure to act."). A writ of mandamus is a drastic remedy infrequently used by federal courts. When used, its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official of the United States. *Moye v. Clerk, DeKalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original

jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir. 1986) (table; unpublished opinion) (same).

In *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988), the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" *Id.*; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See Craigo*, 624 F. Supp. at 414. In summary, Plaintiff has no constitutional right to force the Solicitor to file a substantial assistance motion in his criminal case, and this court cannot order him to take such action.

### **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* insofar as Defendant Jackson is concerned. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining two Defendants.

IT IS SO RECOMMENDED.

October 4, 2013                                              Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).