UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., a.k.a, Malik Al-Shabazz, | ) ) ) | C/A No.: 5:13-cv-02106-DCN-KDW |
| Plaintiff, | ) ) | |
| v. | ) ) | Report and Recommendation |
| William R. Byars, Jr., Warden Padula, | ) ) ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Writ of Mandamus filed on November 5, 2013. ECF No. 34. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

Plaintiff's motion argues that South Carolina Department of Corrections' ("SCDC") staff is denying him access to the courts. ECF No. 17. Plaintiff argues that he has over 20 cases pending in South Carolina and that SCDC's staff has not provided Plaintiff with the "needed amount of legal supplies." *Id.* at 2. Plaintiff contends that an SCDC mailroom supervisor has "denied [him] the constitutional right to send and receive legal mail," and an SCDC librarian does not give him adequate time in the law library. *Id.* at 3. Plaintiff argues that he has complained to three wardens and SCDC general counsel, but Plaintiff has not indicated what action, if any, was taken in response to his complaints. *Id.* Plaintiff requests that the court compel SCDC staff to provide him with adequate legal supplies, to compel Mrs. Estridge, the

mailroom supervisor, "to stop trying to provoke [Plaintiff]" and to allow Plaintiff to timely send and receive legal mail, and to compel Mrs. Desai, the librarian, to provide Plaintiff "with additional law library time," so that Plaintiff "can adequately fight his 20 S.C. cases." *Id.* at 3-4.

A writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969). The United States Supreme Court has discussed the extraordinary nature of the mandamus writ and held that it may be issued only in exceptional circumstances:

> In order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, hardly ever!"

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35-36 (1980) (citations and quotations omitted). The Fourth Circuit also emphasizes that the availability of an alternative remedy is central to the consideration of whether the case is exceptional enough to warrant issuance of a writ of mandamus. That court has held that where there is an alternate way for the Plaintiff to obtain the relief he desires, mandamus will not lie. *See Pet. of Int'l Precious Metals Corp.*, 917 F.2d 792 (4th Cir. 1990).

Upon review of Plaintiff's motion, the undersigned has determined that exceptional circumstances do not exist in this matter that would justify the use of an extraordinary writ of mandamus to obtain the relief requested by Plaintiff. SCDC provides a grievance system in which Plaintiff may petition for additional legal supplies, for additional time in the law library,

and for timelier mailing and delivery of his legal mail. For the foregoing reasons, it is recommended that the court deny Plaintiff's Motion for Writ of Mandamus, ECF No. 34.

    IT IS SO RECOMMENDED.

December 19, 2013　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　United States Magistrate Judge